## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CURTIS MCDONALD and NADEZHDA NESESUYK, individually and on behalf of a class of similarly situated individuals, | ) ) ) Case No. 17-cv-08154 |
| *Plaintiffs*, | ) ) Hon. Robert M. Dow Jr. |
| v. | ) ) Hon. Magistrate M. David Weisman |
| ABM INDUSTRIES INCORPORATED, a Delaware corporation, ABM AVIATION, INC., a Georgia corporation, and ABM FACILITY SERVICES, INC., a California corporation, | ) ) ) ) ) ) |
| *Defendants*. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Curtis McDonald and Nadezhda Nesesuyk (collectively, "Plaintiffs"), both individually and on behalf of other similarly situated individuals, bring their First Amended Class Action Complaint against Defendants ABM Industries Incorporated, ABM Aviation, Inc., and ABM Facility Services, Inc. (collectively, "ABM" or "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiffs allege the following based on personal knowledge as to their own experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. Defendant ABM Industries Incorporated ("ABM Industries") is a leading provider of facilities management services, offering janitorial and building maintenance services to commercial clients across a myriad of industries. Defendant ABM Industries and its subsidiaries, including Defendants ABM Aviation, Inc., and ABM Facility Services, Inc., capture, collect, store, disseminate, or otherwise use the biometrics of thousands of ABM workers throughout the state of Illinois in order to track their time when they "clock-in" and "clock-out" of their shifts.

3. Defendant ABM Industries requires its subsidiaries, including Defendants ABM Aviation, Inc., and ABM Facility Services, Inc., to uniformly implement biometric time-tracking technology and associated biometric policies and procedures.

4. Biometric technology allows companies to reduce timekeeping fraud. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or unregulated use of this information.

5. The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

6. In recognition of the concern of individuals' biometric privacy rights, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it first:

> (1) informs the person whose biometrics are to be collected *in writing* that the biometrics will be collected or stored;

(2) informs the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometrics are being collected, stored and used;

(3) receives a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometrics; and

(4) publishes publicly available retention guidelines for permanently destroying the biometrics. 740 ILCS 14/15(a).

7. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

8. Plaintiffs bring this action for damages and other remedies resulting from the actions of Defendants in capturing, storing, using, and disseminating their biometrics, and those of thousands of other individuals throughout the state of Illinois, without informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of BIPA.

9. On behalf of themselves and the proposed Class and Subclasses defined below, Plaintiffs seek an injunction requiring Defendants to comply with BIPA, as well as an award of statutory and monetary damages to be determined at trial, together with costs and attorneys' fees.

**PARTIES**

10. Defendant ABM Industries is a Delaware corporation. Defendant ABM Industries is registered with and authorized by the Illinois Secretary of State to transact business in Illinois, and Defendant transacts business throughout Illinois and in Cook County.

11. Defendant ABM Aviation, Inc. is a Georgia corporation and wholly owned subsidiary of Defendant ABM Industries. Defendant ABM Aviation, Inc. is registered with and authorized by the Illinois Secretary of State to transact business in Illinois, and Defendant transacts business throughout Illinois and in Cook County.

12. Defendant ABM Facility Services, Inc. is a California corporation and wholly owned subsidiary of Defendant ABM Industries. Defendant ABM Facility Services, Inc. is registered with and authorized by the Illinois Secretary of State to transact business in Illinois, and Defendant transacts business throughout Illinois and in Cook County

13. At all relevant times, Plaintiff McDonald has been a resident and citizen of the state of Illinois.

14. At all relevant times, Plaintiff Nesesuyk has been a resident and citizen of the state of Illinois

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants' states of citizenship; and none of the exceptions under subsection 1332(d) apply to the instant action.

16. This Court may asset personal jurisdiction over Defendants because they conduct substantial business within Illinois and in this District.

17. Venue is proper in this District because Plaintiffs reside in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**FACTS SPECIFIC TO PLAINTIFFS**

18. At all times relevant herein, Plaintiff McDonald worked for Defendant ABM Industries as an employee of its wholly-owned subsidiary, Defendant ABM Aviation, Inc. Defendant ABM Aviation, Inc., primarily provides janitorial and facilities management services to clients involved in the airline sector.

19. At all times relevant herein, Plaintiff Nesesuyk worked for Defendant ABM Industries as an employee of its wholly-owned subsidiary, Defendant ABM Facility Services, Inc. Defendant ABM Facility Services primarily provides janitorial and building facilities management services to commercial office buildings and tenants.

20. During their respective employment with ABM, Defendants required Plaintiffs to provide their biometrics for identification and timekeeping purposes. Plaintiffs' biometrics were then captured, collected, stored, disseminated, and used by Defendants and their vendors.

21. On January 23, 2018, Defendant ABM Industries announced a biometric information privacy policy ("Global Biometric Policy") to be uniformly implemented across all of ABM Industries subsidiaries, including Defendants ABM Aviation, Inc., and ABM Facility Services, Inc.

22. The Global Biometric Policy states that ABM captures, collects, stores, and otherwise uses the biometrics of Plaintiffs and other ABM employees in order to identify them and track their work time. The Global Biometric Policy states that ABM disseminates its employees' biometrics to third-party vendors.

23. However, even prior to announcing the Global Biometric Policy, ABM captured, collected, stored, and otherwise used the biometrics of Plaintiffs and other ABM workers in Illinois

5

without providing any of the required written disclosures, obtaining written consent, or publishing a publicly-available biometric retention policy.

24. By capturing, collecting, storing, and using the biometrics of Plaintiffs and their other workers in Illinois without providing written disclosures, obtaining written consent, or publishing retention policies, as ABM sought to alter with its Global Biometric Policy, Defendants have violated Plaintiffs' and other workers' biometric privacy rights.

25. ABM's deprivation of Plaintiffs' biometric privacy rights as vested by BIPA constitutes the actual harm the Illinois Legislature sought to prevent in enacting the statute.

## CLASS ALLEGATIONS

26. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and similarly situated individuals. Plaintiffs seek to represent a Class and Subclasses (collectively and unless otherwise noted, the "Class") defined as follows:

> **Class**: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant ABM Industries Incorporated within the state of Illinois any time within the applicable limitations period.
>
> **Aviation Subclass**: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant ABM Aviation, Inc., within the state of Illinois any time within the applicable limitations period.
>
> **Facility Services Subclass**: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant ABM Facility Services, Inc., within the state of Illinois any time within the applicable limitations period.

27. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of ABM; and any immediate family member of such officers or directors.

28. Upon information and belief, there are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through ABM's personnel records.

29. Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent, because the factual and legal bases of ABM's liability to Plaintiffs and the other members are the same, and because ABM's conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of ABM's BIPA violations.

30. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether ABM's conduct is subject to BIPA;

    b. Whether ABM made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether ABM obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether ABM provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

    e. Whether ABM's conduct violates BIPA;

    f. Whether ABM's violations of BIPA are willful or reckless; and

    g. Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

31. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

32. Plaintiffs will adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to those of the other members of the Class.

33. ABM has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,
(On behalf of Plaintiffs and the Class Against Defendant ABM Industries Incorporated)**

34. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

35. Defendant ABM Industries is a private entity under BIPA.

36. BIPA requires private entities to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or

biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

37. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometrics must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

38. Plaintiffs and the other Class members have had their biometrics collected, captured, stored, or otherwise obtained by Defendant ABM Industries, or by ABM Industries' subsidiaries acting under its control and direction. Plaintiffs' and the other Class members' biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

39. Each instance Plaintiffs and the other Class members had their biometrics scanned into Defendant ABM Industries', or its subsidiaries,' biometric devices, Defendant ABM Industries captured, collected, stored, and/or used Plaintiffs' and the other Class members' biometrics without valid consent and in violation of BIPA.

40. Defendant ABM Industries' practice with respect to capturing, collecting, storing, using, and disseminating biometrics fails to comply with applicable BIPA requirements. Defendant ABM Industries:

9

      a.    Failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

      b.    Failed to inform Plaintiffs and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

      c.    Failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

      d.    Failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

      e.    Failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

      f.    Failed to obtain informed consent to disclose or disseminate biometrics, as required by 740 ILCS 14/15(d)(1).

41. By obtaining and operating an employee timekeeping system that utilizes biometrics but was devoid of the privacy protections required by BIPA, Defendant ABM Industries profited from Plaintiffs' and the Class members' biometrics in violation of 740 ILCS 14/15(c). Defendant ABM Industries knew, or was reckless in not knowing, that the biometric systems it was using would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

42. Defendant ABM Industries denied Plaintiffs and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

43. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and damages of $1,000 for each negligent violation. 740 ILCS 14/20(1).

44. Defendant ABM Industries' violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant ABM Industries negligently failed to comply with BIPA.

### COUNT II
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff McDonald and the Aviation Subclass**
**Against Defendant ABM Industries Incorporated and Defendant ABM Aviation, Inc.)**

45. Plaintiff McDonald incorporates the foregoing allegations as if fully set forth herein.

46. Defendant ABM Aviation, Inc. ("ABM Aviation") is a private entity under BIPA.

47. BIPA requires private entities, such as Defendant ABM Aviation, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

48. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information

11

(entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

49. Plaintiff McDonald and the Aviation Subclass members have had their biometrics collected, captured, or otherwise obtained by Defendant ABM Aviation. Plaintiff McDonald and the Aviation Subclass members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

50. Each instance Plaintiff McDonald and the Aviation Subclass members had their biometrics scanned into Defendant ABM Aviation's biometric devices, Defendant ABM Aviation and/or its technology captured, collected, stored, and/or used Plaintiff McDonald's and the Aviation Subclass members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

51. Defendant ABM Aviation's practice of capturing, collecting, storing, using, and disseminating biometrics fails to comply with applicable BIPA requirements. Defendant ABM Aviation:

    a. Failed to inform Plaintiff McDonald and the members of the Aviation Subclass in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Failed to inform Plaintiff McDonald and the members of the Aviation Subclass in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

12

    c.    Failed to inform Plaintiff McDonald and the members of the Aviation Subclass in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.    Failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

    e.    Failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

    f.    Failed to obtain informed consent to disclose or disseminate biometrics, as required by 740 ILCS 14/15(d)(1).

52. By obtaining and operating an employee timekeeping system that utilizes biometrics but was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiff McDonald's and the Aviation Subclass members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant ABM Aviation knew, or was reckless in not knowing, that the biometric systems it was using would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

53. Defendant ABM Aviation denied Plaintiff McDonald and the Aviation Subclass their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

54. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and damages of $1,000 for each negligent violation. 740 ILCS 14/20(1).

55. Defendant ABM Aviation's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant ABM Aviation negligently failed to comply with BIPA.

**COUNT III**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff Nesesuyk and the Facility Services Subclass**
**Against Defendant ABM Industries Incorporated**
**and Defendant ABM Facility Services, Inc.)**

56. Plaintiff Nesesuyk incorporates the foregoing allegations as if fully set forth herein.

57. Defendant ABM Facility Services, Inc. ("ABM Facility") is a private entity under BIPA.

58. BIPA requires private entities to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

59. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

60. Plaintiff Nesesuyk and the Facility Services Subclass members have had their biometrics collected, captured, or otherwise obtained by Defendant and/or its technology. Plaintiff

14

Nesesuyk's and the Facility Services Subclass members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

61. Each instance Plaintiff Nesesuyk and the Facility Services Subclass had their biometrics scanned into Defendant ABM Facility's biometric devices, Defendant ABM Facility and/or its technology captured, collected, stored, and/or used Plaintiff Nesesuyk's and the Facility Services Subclass members' biometrics without valid consent and without complying with and, thus, in violation of BIPA.

62. Defendant ABM Facility's practice with respect to capturing, collecting, storing, using, and disseminating biometrics fails to comply with applicable BIPA requirement. Defendant ABM Facility:

    a. Failed to inform Plaintiff Nesesuyk and the Facility Services Subclass in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Failed to inform Plaintiff Nesesuyk and the Facility Services Subclass in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c. Failed to inform Plaintiff Nesesuyk and the Facility Services Subclass in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d. Failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

15

      e.    Failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

      f.    Failed to obtain informed consent to disclose or disseminate biometrics, as required by 740 ILCS 14/15(d)(1).

63. By obtaining and operating an employee timekeeping system that utilizes biometrics but was devoid of the privacy protections required by BIPA, Defendant ABM Facility profited from Plaintiff Nesesuyk's and the Facility Services Subclass members' biometrics in violation of 740 ILCS 14/15(c). Defendant ABM Facility knew, or was reckless in not knowing, that the biometric systems it was using would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

64. Defendant ABM Facility denied Plaintiff Nesesuyk and the Facility Services Subclass their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

65. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and damages of $1,000 for each negligent violation. 740 ILCS 14/20(1).

66. Defendant ABM Facility's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant ABM Facility negligently failed to comply with BIPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Curtis McDonald and Nadezhda Nesesuyk, on behalf of themselves and the proposed Class and Subclasses, respectfully request that this Court enter an Order:

a. Certifying the Class and Subclasses as defined above, appointing Plaintiffs as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class and Subclasses by requiring Defendants to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: March 13, 2019               Respectfully submitted,

                                    CURTIS MCDONALD and NADEZHDA NESESUYK, individually and on behalf of a class of similarly situated individuals,

                                    By: /s/ Jad Sheikali
                                    *One of Plaintiffs' Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Counsel for Plaintiffs and the Putative Class*